IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. CROOKSTON,<br>*as Next Friend of Matthew Hale*,<br><br>Petitioner,<br><br>vs.<br><br>JAMES T. MOODY,<br>M. DAVID WEISMAN, and<br>BILL TRUE,<br><br>Respondents. | )<br>)<br>)<br>)<br>)   Case No. 21-cv-208-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**DUGAN, District Judge:**

On February 23, 2021, John R. Crookston filed a petition for writ of habeas corpus proceeding *pro se* as "next friend" of Matthew Hale, an individual incarcerated at USP-Marion. United States District Judge James T. Moody of the Northern District of Illinois, United States Magistrate Judge M. David Weisman of the Northern District of Illinois, and Bill True, former Warden of USP-Marion are named as Respondents. Petitioner seeks Matthew Hale's immediate release from custody due to the alleged ineffectiveness of trial counsel, to alleged due process violations related to alleged improprieties by a jury foreman, and to a belief that jury tampering and improper *ex parte* meetings occurred during the trial phase of Hale's prosecution.

This case is before the Court for preliminary review of the petition. The petition does not specify the statute under which relief is sought. Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be

applied to 28 U.S.C. § 2241 petitions pursuant to Rule 1(b), directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Similarly, Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS requires the presiding judge to review the motion and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, [to] dismiss the motion."

To the extent that relief is sought under 28 U.S.C. § 2255, the Court notes that Hale has already pursued relief under § 2255, including for some of the claims raised by Crookston. *See Hale v. United States*, 710 F.3d 711 (7th Cir. 2013). A prisoner has one opportunity to challenge a conviction and sentence following a direct appeal. 28 U.S.C. § 2255(a), (h). To bring a second challenge to his conviction or sentence under § 2255, the Court of Appeals must certify the petition and must authorize the petitioner to file it in the district court. Without that authorization, a district court lacks jurisdiction over the later-filed petition. *See Kramer v. United States*, 797 F.3d 493, 498 (7th Cir. 2015). Hale also already has pursued relief for several of the claims mentioned by Crookston in a § 2241 petition under that statute's savings clause. *See Hale v. Fox*, 829 F.3d 1162 (10th Cir. 2016).

Here, setting aside questions of whether the claims in the petition are cognizable at this time, summary dismissal is required because Crookston lacks standing to bring a petition on behalf of Matthew Hale. Generally, an individual must allege his own injuries to establish standing, but an exception exists to allow a "next friend" to sue on behalf of

a minor or incompetent person who does not have a duly appointed representative. *See Bria Health Services, LLC v. Eagleson*, 950 F,3d 378, 384-85 (7th Cir. 2020). A "next friend" "may have standing to bring a habeas corpus petition if she has a 'significant relationship' with the real party in interest and the real party in interest is somehow disabled." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990)).

In *Whitmore*, the Supreme Court recognized "next friend" standing but explained that the detained person remains the real party in interest. *Whitmore*, 495 U.S. at 163. But "'next friend' standing is by no means automatically granted to whomever seeks to pursue an action on behalf of another." *Id.* Instead, a "next friend" must explain adequately "why the real party in interest cannot appear on his own behalf to prosecute the action" and must demonstrate the requisite type of "significant relationship with the real party in interest." *Id.* at 163-64 (citing references omitted). The burden of doing so is on the "next friend." *Id.* at 164. As the Supreme Court explained, "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends.'" *Id.* (quoting *United States ex rel. Bryan v. Houston*, 273 F, 915, 916 (2nd Cir. 1921)).

The instant petition does not allege that Hale is incompetent or unable to assert his own rights, nor does Crookston establish that he has a special relationship with Hale that warrants permitting him to proceed as "next friend." Crookston explains that he has sent many letters back and forth with Hale, but that alone is not the type of significant relationship to permit "next friend" status. *See, e.g., Whitmore*, 495 U.S. 164 (citing *Davis*

*v. Austin*, 492 F.Supp. 273, 275-76 (N.D. Ga. 1980)(denying "next friend" standing to prisoner's first cousin and minister). There is no plausible allegation that "next friend" standing is necessary here, and Hale's litigation history suggests that such a claim could not be made.

Hale is a law school graduate who passed the Illinois bar exam before being denied admission by the Committee on Character and Fitness. *See Hale v. Committee on Character and Fitness for State of Illinois*, 335 F.3d 678 (7th Cir. 2003). Without relying on a "next friend," he has pursued habeas relief under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. *See Hale v. United States*, 710 F.3d 711 (7th Cir. 2013); *Hale v. Fox*, 829 F.3d 1162 (10th Cir. 2016). Also, as recently as 2019, Hale, appearing *pro se*, sued the Bureau of Prisons and several individuals for alleged religious discrimination. *Hale v. Federal Bureau of Prisons*, 759 Fed.Appx. 741 (10th Cir. 2019). Given that Crookston does not describe Hale as incompetent or otherwise unable to pursue relief on his own, the Court finds no basis for permitting him to proceed based on "next friend" standing.

## Conclusion

For the above-stated reasons, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of standing. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**SO ORDERED.**

Dated: March 9, 2021

_____
DAVID W. DUGAN
United States District Judge